**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Deyanira O. MANCHA Defendant—
Appellant.**

**5.** *Id.* at 139–40.

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

No. 02–10334.

D.C. No. CR–00–1046–TUC–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Jan. 13, 2004.

Carin Duryee, USTU—Office of the U.S. Attorney, Evo A. DeConcini U.S. Courthouse, Sandy M. Hansen, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephen G. Ralls, Susan Bryson Fox, Stephen G. Ralls, P.C., Tucson, AZ, for Defendant–Appellant.

Before CUDAHY,* BEEZER and KLEINFELD, Circuit Judges.

MEMORANDUM**

Deyanira Mancha claims that she was denied her right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) et seq., and the Speedy Trial clause of the Sixth Amendment. With respect to her Speedy Trial Act claim, although her trial may have been sufficiently delayed to violate the Speedy Trial Act, "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal."[1] 18

**1.** The record is inadequate to determine whether Mancha's counsel's failure to bring a Speedy Trial Act claim fell "outside the wide range of professionally competent assistance," *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), so we decline to address this claim on direct appeal. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000). Her ineffec-

U.S.C. § 3162(2). As for her Sixth Amendment claim, although the delay in bringing Mancha to trial is sufficient to trigger scrutiny, *see Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), and although we do not condone the negligence that resulted in Mancha's becoming "lost" in the penal system for several months, on the facts of this case, Mancha's right to a speedy trial was not violated. *See Barker v. Wingo,* 407 U.S. 514, 530–32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

AFFIRMED.

tive assistance claim may be raised in habeas proceedings.